Mr. Taylor sought a reduction in his sentence pursuant to the provisions of 2255 but was in a case where under the Fair Sentencing Act requirement was that there be some change to the sentencing guidelines. However, the very specific issue before this court, I believe, is whether under the Fair Sentencing Act, whether the specific provisions of that act, changing the drug quantity offense levels, as they did in Mr. Taylor's case, should affect him, should allow the court to have jurisdiction to review his sentence. So do you want to basically take into account the reduction of the base offense level and not pay attention to the elimination of the older two-level reduction? Is that the idea? That is the idea, Your Honor. So how do you square that with the statutory language which talks about the guideline range, which presumably refers to the final range? I think, Judge Hamilton, you have to look at the fact that when the district court judge applied this two-level reduction in 2009 at sentencing, it seemed that he was constrained by the provisions of what hadn't occurred yet, anticipation of reduction in the ratio levels. He didn't have the benefit to say, he addressed in his argument that this was a possibility but it wasn't happening yet. You might also look at the fact that the Fair Sentencing Act was specifically derived from congressional action to address the ratio disparities and its intended social and larger consequences, whereas the Sentencing Commission itself was the one that had provided for the amendment that you're referring to. I'm not sure that's responsive to my concern about the scope of the textual authority. I've got a big question about whether any of this is jurisdictional in the strict sense of the word. But the statutory authority is quite specific. Not whether it's a good idea, whether it would be fair, but whether the district judge was, in fact, authorized to grant relief under 3582C when the bottom line range didn't change. Well, I think it does present this math conundrum where you have a defendant under the 2009 guidelines at a level 36 in terms of the drug quantity levels for the base purpose of establishing his drug quantities. And as we sit here now, when this petition was filed, he's a level 34. So we do have- He's a base offense level 34, right? For drug quantity purposes, correct. Until the district court decided to afford him of this two-level reduction. So to some extent, there needs to be a squaring, and I think that was the court's initial question, a squaring of this commission guidance from this period of time in 2009 in what the district judge was able to do versus what has been provided by Congress in terms of the Fair Sentencing Act. And I ask, perhaps the court could look at its own precedent in the United States versus Davis, which referred to, it stated that the court held that new findings are often necessary where retroactive amendments have affected the relevant drug quantity thresholds for determining a defendant's base offense level. I think that's a notional question that could be interpreted in favor of this particular defendant for purposes of deciding that this is truly a distinctive departure from what the amount of crack cocaine that he had in terms of the district court's assessment of what his liability was for crack cocaine when they sentenced him in 2009 as compared with the present. We have a, I know I pointed to my brief, it's a significant reduction from 17,000 marijuana equivalency units to just above 3,000. And that's really where I know the tension between saying that, well, this is the same offense level, and don't we end up at the same place? But my argument to the court is when you have Congress specifically identifying that the purpose of the crack cocaine amendments is to impute fairness into the Sentencing Act with all its intended ramifications, this is quite a difference from a court sitting in review of a sentence in 2009 when he is, who feels constrained by the fact that those disparities and ratios haven't been addressed completely by the Congress. It's understandable that the court could look to the simple fact that the sentencing range is where we ended up in terms of the sentence because of the two-level reduction. But those provisions are significantly different from what has been applied heretofore by this court. And I would ask the court to look at that provision when it considers Mr. Taylor's sentence, and the jurisdictional question that just would be asked by the district court in reviewing his sentence these days. You know, the court would have the ability, if this court found jurisdiction in Mr. Taylor's case, it would have the ability, the district court would be able to review his sentence and apply the sentencing factors under 3553A. And I think that's a more, that's a juster and a fairer result for this defendant for him to look at, how much crack are we talking about in this case? It's a big difference. And if not affected by the reduction in this case, which is significant, where it's a significantly crack-driven case, then how has Congress changed the provisions as it applies to these defendants, in particular this defendant from East St. Louis? I ask the court to reverse and remand it for the reasons that I've given this morning, as well as those in my brief. Thank you. All right, thank you. Mr. Hallock. Excuse me. Good morning, your honors. My name is Michael Hallock, and I represent the United States in this matter. The district court properly found that it lacked jurisdiction to reduce Taylor's sentence. And I would ask that the decision of the district court be affirmed. Why is this jurisdictional? Excuse me? Why is this jurisdictional? The district court lacked the jurisdiction because- Isn't this just a question of statutory eligibility? It's a question, but the statute says the district court can only reduce the sentencing under the guidelines based on the sentencing range that has been subsequently lowered. And the sentencing range has not been subsequently lowered, so the district court cannot reduce the guidelines. Right, that just goes to the defendant's statutory eligibility to obtain resentencing. It's not a question of the court's subject matter jurisdiction. That's true, your honor. Although we've said a few times it is subject matter jurisdiction, so that's our problem, so. Thank you, your honors. So you agree it's not a jurisdictional issue? I will agree with, of course, your honor. We've got to sort out our own problems. And, your honor, Judge Hamilton, you're right that the statutory authority is quite specific. You cannot square the defendant's argument with the statute. So, help me, I'm trying to, having lived through all these things, my memory's a little hazy on them, frankly. So, we get the 2007 amendment, right? Correct, your honor. And then, and there's this two level adjustment then for crack cases when you've got multiple drugs that include crack? Correct, your honor. That was a little before my time, but I do believe that that is what occurred at that time. Okay, and is the idea then that with the 2010 amendments, then your position is that the commission found there was no longer any need for that adjustment because they had reduced base offense levels appropriately? That seems to be what happened, or that certainly is what happened. That two level reduction did, that I guess note ten did go away. My position is simply that the range has not changed. The range did not change from the time that Mr. Taylor was sentenced to the current guidelines. The bottom line range is distinct from the base offense level? Neither, your honor. The, under, at the time he was sentenced, the defendant's range was, he had a level of 34 plus two for obstruction of justice. And under the current guidelines, he has a level 34 plus two for obstruction of justice. So, in both cases, he is a level 36. Well, the obstruction of justice adjustment is a true adjustment, as I understand it. But this difference between the 36 and the 34 base offense level has to do with something inherent in 2D1.1 itself. It doesn't function as an adjustment. It's just a direction to use a lower base offense level. If the offense involved crack plus another substance? Correct. Correct. Well. Or does it function as an adjustment? It's, it's, it's. I should say did, since we don't have it in court. Did, yeah. Essentially, the levels didn't change. Is, is, so whether it's an adjustment or whether it's a base offense level, the, the defendant's level was 36, and it is currently 36. If there are no further questions, I will. I thought it's 34. Well, 34 plus two for obstruction of justice. Thank you, Your Honors. Thank you. How much time? Three minutes. Judge Hamilton, I think in response to your colloquy with counsel here, I think what happened in 2010 is Congress acted, which was plainly not what had, what we had in 2009 before the defendant was sentenced. We had anticipation, we had an attempt to interpret, and a sentencing commission essentially in a regulatory sense attempting to act. But I think clearly the congressional action here was based on a very broad interpretation of the fact that crack cocaine laws were disparately unfair. And I think that even though we've talked, tossed out these numbers 36 and 34, I think that's the problem. We have, we have, is, is 36 the new 34? Or is the defendant really 36? The fact is, at the time he was sentenced, he was a 36 under 2D1.1. Today, after the action that we have in this case, after we have the Fair Sentencing Act revisions, he's a 34. And that's why I have brought this case to the court to ask for it to be reviewed and reconciled. I guess I may have confused matters earlier when I was thinking there was a separate adjustment as opposed to this instruction in the note in the 2008 version. But I guess I'm still having a little trouble understanding how he's offense level 34 today. The offense level 34 is a pure drug quantity based offense level. But that was also the offense level calculated under 2D1.1 under the 2008 guidelines, right? That is correct. Yes, your honor. Okay. Thanks. Thank you. The case will be taken under advisement. And I'll call now the final case of the day.